```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD MUNGRO,                )
               Plaintiff,     )
                              )
          v.                  )    Civil Action No. 04-1304
                              )    Judge Joy Flowers Conti
                              )    Magistrate Judge Caiazza
M.H. HARTWIGER,               )
               Defendant.     )
```

**<u>ORDER</u>**

The Plaintiff, Ronald Mungro, an inmate previously incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against M.H. Hartwiger, Prison Guard at SCI-Greensburg; and Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC) claiming that the Defendants violated his rights as protected by the First and Eighth Amendments of the United States Constitution by using excessive force. On or about January 26, 2005, the Plaintiff was transferred to the State Correctional Institution at Houtzdale, Pennsylvania (SCI-Houtzdale).

On April 20, 2005, a Report and Recommendation was filed recommending that the Plaintiff's claims against Defendant Beard be dismissed and that he be allowed to proceed against Defendant Hartwiger in his individual capacity as to his Eighth Amendment excessive force claim (doc. no. 27). On May 27, 2005, District Judge Joy Conti adopted the Report and Recommendation (doc. no. 31).

On July 27, 2005, the Plaintiff filed a Motion for Court

Order for witness affidavits (doc. no. 32).  In his request, the Plaintiff seeks an Order from this Court for affidavits from inmate witnesses Joseph Harrison - EF8236, and Shane Parsons - FH0277.  The Plaintiff asserts that he is unable to procure affidavits from these inmates because they are not confined in the same institution where he is confined.  This Court takes judicial notice of the fact that Pennsylvania Department of Corrections (DOC) policy DC-ADM ¶ 803 VI.A.3 prohibits communications between inmates, thereby prohibiting him from directly acquiring the affidavits he seeks.  Consequently, the following order is entered.

**IT IS HEREBY ORDERED** that the Plaintiff is directed to file a written request for affidavits from the afore-mentioned inmates Harrison and Parsons in accordance with the Rules of Civil Procedure applicable to discovery requests.  The Plaintiff is directed to file his request with this Court.  Upon receipt, the Court will forward the Plaintiff's request to the Defendant's Counsel.  The Defendant's counsel is directed to send the Plaintiff's request for affidavits to inmates Harrison and Parsons within five days of receipt with directions to submit their response to the Plaintiff's requests for affidavits to the Defendant's counsel.  The Defendant's counsel is directed to forward to the Plaintiff the inmates' responses within five days of receipt thereof.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge

pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                                                FRANCIS X. CAIAZZA
                                                UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2005

cc:   Joy Flowers Conti
      United States District Judge

      Ronald Mungro, EJ-3868
      SCI Houtzdale
      P.O. Box 1000
      Houtzdale, PA 16698-1000

      Christian D. Bareford, Deputy Attorney General
      Office of the Attorney General
      6th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA 15219