```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD MUNGRO,                 )
              Plaintiff,       )
                               )
        vs.                    )    Civil Action No. 04-1304
                               )    Judge Joy Flowers Conti
                               )    Magistrate Judge Caiazza
M.H. HARTWIGER,                )
              Defendant.       )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Injunctive Relief be denied because he has requested relief against individuals who are not parties to this action.

### II. REPORT

The Plaintiff, Ronald Mungro ("the Plaintiff" or "Mungro"), an inmate previously incarcerated at the State Correctional Institution at Greensburg ("SCI-Greensburg"), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against M.H. Hartwiger, Prison Guard at SCI-Greensburg and Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections claiming that the Defendants violated his rights as protected by the First and Eighth Amendments of the United States Constitution by using excessive force. On or about January 26, 2005, the Plaintiff was transferred to the State Correctional Institution at Houtzdale, Pennsylvania (SCI-Houtzdale).

On April 20, 2005, a Report and Recommendation was filed recommending that the Plaintiff's claims against Defendant Beard be dismissed and that he be allowed to proceed against Defendant Hartwiger in his individual capacity with respect to his Eighth

Amendment excessive force claim. *See* Doc. 27. On May 27, 2005, District Judge Joy Flowers Conti adopted the Report and Recommendation as the opinion of the court. *See* Doc. 31

On August 12, 2005, the Plaintiff filed a Motion for a Preliminary Injunction. *See* Doc. 41. In his request, Mungro seeks injunctive relief regarding the conditions of his confinement at SCI-Houtzdale. He claims that the administration at SCI-Houtzdale is subjecting his life to danger and that he should be placed in the witness protection program.

**A.   Preliminary Injunctive Relief**

The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. *See* Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. *See* Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).[1]

---

1. These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strict legal proofs and according to the principles of equity. *See* Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Consequently, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *See* American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (citing Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).  The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary injunctive relief is denied. *See* United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." *See* Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm; the plaintiff has the burden of showing immediate irreparable injury). Furthermore, when considering the type of injury sustained by a party seeking relief, the claimed injury cannot merely be possible, speculative or remote. *See* Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995).  An injunction is not issued simply to eliminate

---

*Cf*. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

a possibility of a remote future injury. *See* Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *See id*.

The Plaintiff's request for injunctive relief cannot be granted. Rule 65(d) of the Federal Rules specifically provides that an injunction is binding only upon the parties to the action.  The only remaining party to this action is Defendant Hartwiger, who is a correctional guard employed at SCI-Greensburg. The Plaintiff's complaints relate to conditions which allegedly exist at SCI-Houtzdale, where Mungro is currently incarcerated. Because Defendant has no connection to SCI-Houtzdale, there is no basis to grant Mungro's requested relief.

### III. CONCLUSION

It is respectfully recommended that the Plaintiff's Motion fora Preliminary Injunction be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 5, 2005. Responses to objections are due by September 5, 2005.

S/Francis X. Caiazza
FRANCIS X. CAIAZZA
UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2005

```
cc:   Joy Flowers Conti
      United States District Judge

      Ronald Mungro, EJ-3868
      SCI Houtzdale
      P.O. Box 1000
      Houtzdale, PA 16698-1000

      Christian D. Bareford, Deputy Attorney General
      Office of the Attorney General
      6th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA 15219
```