IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD MUNGRO,<br>     Plaintiff,<br><br>  vs.<br><br>M.H. HARTWIGER; and<br>JEFFREY BEARD,<br>     Defendants. | Civil Action No. 04-1304<br>Judge Joy Flowers Conti<br>Magistrate Judge Caiazza |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment filed by the Defendant M. H. Hartwiger be granted. It is further recommended that the Plaintiff's Motion for Summary Judgment be denied.

### II. REPORT

The Plaintiff, Ronald Mungro ("the Plaintiff" or "Mungro") an inmate previously incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. The sole remaining Defendant is M.H. Hartwiger ("the Defendant" or "Hartwiger"). Mungro alleges that on May 29, 2004, at the State Correctional Institution at Greensburg ("SCI-Greensburg"), Defendant Hartwiger used excessive force when he pushed him into a steel bedpost after he refused to accept another inmate assigned to him as his cellmate. For the reasons set out below, the Defendant's Motion for Summary Judgment should be granted

because the Plaintiff has failed to comply with the Pennsylvania Department of Corrections' ("DOC") three-step grievance procedure available to Pennsylvania state prisoners.

## A. The Exhaustion of Administrative Remedies

Hartwiger seeks summary judgment against Mungro because he failed to comply with the Prison Litigation Reform Act ("PLRA") by exhausting the administrative remedies made available to Pennsylvania inmates. See 42 U.S.C. § 1997e(a).

> No action shall be brought with respect to
> prison conditions under section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. § 1983), or any other Federal law,
> by a prisoner confined in any jail, prison,
> or other correctional facility until such
> administrative remedies as are available are
> exhausted.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each case, the Court of Appeals painted a bright line rule announcing that inmate-plaintiffs must exhaust all available administrative remedies before filing an action in federal court with respect to prison conditions. The Third Circuit court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. See Booth, 206 F.3d at 300 and Nyhuis, 204 F.3d at 66. A unanimous Supreme Court

affirmed the Court of Appeals' holding in Booth v. Churner, 532 U.S. 731 (2001), confirming that in the PLRA Congress mandated the exhaustion of administrative remedies, regardless of the relief offered through those procedures.

The available administrative remedies for Pennsylvania inmates are codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." See, e.g. Mitchell v. Horn, 318 F.3d 523 (2003) (discussing DOC Grievance System).[1] The purpose of the grievance system is to ensure that "every individual committed to [DOC] custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought." DC-ADM 804 ¶ V. The DOC grievance system applies to all state correctional institutions and provides three levels of review: 1) an initial review by the facility grievance coordinator; 2) an appeal of the initial review to the superintendent or regional director; and 3) a final appeal to the chief hearing examiner.

Specifically, inmate grievances must be in writing and in compliance with the format provided on the forms supplied by the institution. DC-ADM 804 ¶ (VI)(A)(1)(f). An initial grievance

---

1. See also 37 Pa. Code § 93.9(a) (1999) (establishing requirement for DOC to establish an inmate grievance system).

must be submitted by the inmate to the Facility Grievance Coordinator within fifteen working days after the event upon which the claim is based. DC-ADM 804 ¶ (VI)(A)(1)(h). The Facility Grievance Coordinator must assign a grievance tracking number to all grievances (even rejected grievances) upon receipt and enter all grievances into the Automated Inmate Grievance Tracking System. DC-ADM 804 ¶ (VI)(B)(1)(a). If the Facility Grievance Coordinator determines that the issue being grieved is in accordance with DC-ADM 804, he or she will designate a staff member to serve as the Grievance Officer. DC-ADM 804 ¶ (VI)(B)(1)(e). The Grievance Officer must provide a written response to the inmate within ten working days, including a brief rationale summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance. DC-ADM 804 ¶ (VI)(B)(1)(h). An inmate may appeal an Initial Review decision -or grievance restriction- to the Facility Manager in writing and within five working days measured from the date of receipt by the inmate of the Initial Review decision. DC-ADM 804 ¶ (VI)(C)(1)(b). The Facility Manager must notify the inmate of his or her decision within fifteen working days after receiving the appeal; the appeal may affirm the decision, or modify, reverse, remand, or reassign the decision for further fact-finding. DC-ADM 804 ¶ (VI)(C)(2)(c). An inmate who is dissatisfied with the disposition of an appeal from the Facility

4

Manager may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within five working days after receiving the decision. DC-ADM 804 ¶ (VI)(D)(1)(b). The Secretary's Office must respond to all appeals within thirty working days and ensure that all appeals and responses are properly maintained in the Automated Inmate Grievance Tracking System. DC-ADM 804 ¶ (VI)(D)(2)(a).

### B. **The Plaintiff's Compliance with the Exhaustion Requirement**

Mungro's Complaint alleges excessive force stemming from the incident that occurred on May 29, 2004 at SCI-Greensburg. The record evidence in this action shows Grievance No. 85217 dated "5-29-04" filed by the Plaintiff. It provides in relevant part as follows:

> On 5-29-04 Officer Hartwiger was trying to force an inmate in the cell with me after I told him that I was not taking a cellie. Officer Hartwiger told me I was taking a cellie and he assault [sic] me by pushing me back into the wall in the cell. Sgt. Brasili and the administrative [sic] is retaliating against me. I have witness's. [sic]. ...

Ex. B, Doc. 51.

At the bottom of the Grievance Form there appears a signature and date line. Grievance No. 85217 is dated June 1, 2004 and signed by grievance coordinator Angie Marhefka. On June 8, the Plaintiff received a response to his grievance signed by Robert S. Bussard, CO3 [Security Lieutenant], which provides as follows: "The Security Office is investigating these

5

allegations." Ex. C, Doc. 51. On June 9, 2004, the Plaintiff attempted to appeal Grievance no. 85217 to Superintendent Buchsbaum, despite the fact that he had not received an initial decision on his grievance. Ex. D, Doc. 51. Mungro received a response dated June 11, 2004, from the acting superintendent, Kenneth Buchsbaum, which notified him that his appeal was premature because the security office continued to investigate his grievance. Ex. E, Doc. 51. The notice further informed Mungro that he could appeal the response after the investigation was complete if he was not satisfied. On June 28, 2004, the Plaintiff attempted to appeal the Superintendent's response to the Central Office. On July 16, 2004, Sharon Burks, Chief Grievance Coordinator, notified the Plaintiff that his claim of "no response" from the Grievance Officer was not an appropriate basis for appeal. Ex. G, Doc. 51.

In the meantime, on July 6, 2004, Mungro received the following initial response to his grievance:

> The SCI-Greensburg Security Office has completed an investigation on the incident that you have grieved. The conclusion is that your failure to cooperate and your aggressive actions resulted in RHU staff using the minimal amount of force necessary to control the situation.
>
> Your grievance is denied.

Ex. H, Doc. 51. There is no evidence that Mungro filed an appeal to the facility manager/supervisor within the five- working day

appeal period provided for in DC-ADM 804 ¶ (VI)(C)(1)(b). Instead, on July 28, 2004, the Plaintiff filed an appeal of grievance no. 85217 directly to the Central Office. Ex. I, Doc. 51. On August 18, 2004, Mungro received a response from Sharon Burks notifying him that his appeal would not be accepted because it was filed well outside the five-day period provided for under DC-ADM 804 ¶ (VI)(D). Ex. J, Doc. 51.

In his Response to the Defendant's Motion, Mungro makes bald, unsupported statements, claiming that he has been hindered in his efforts to exhaust his administrative remedies due to retaliation. He provides, however, no evidence to support his claim. The documents he appended to his response deal with other grievances, not grievance 85217. Moreover, he failed to set out any retaliation claim in his attempted appeal to the Central Office.

Finally, the Plaintiff cannot create a material issue of fact by making vague, unsupported allegations. As this court has stated:

> [A]llowing prisoners to avoid the PLRA's
> exhaustion requirement merely by alleging
> that they were prevented from doing so would
> undermine the very purpose of the PLRA.
> Congress passed the PLRA largely in response
> to concerns about the heavy volume of
> frivolous prison litigation in federal
> courts.

Gallman v. Horn, Civil Action 99-138J (W.D. Pa. October 31, 2000) (Mem. Order at 3-4) (internal quotation and citation omitted).

7

That said, "it is beyond the power of this court -or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." See Nyhuis, 204 F.3d at 73 (quotation omitted). Moreover, the Court of Appeals for the Third Circuit recently held that a prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy, as clearly set out in DC ADM 804, results in a procedural default, thereby precluding an action in federal court. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Similarly, Mungro has procedurally defaulted his claims by failing to comply with the time periods set out in DC-ADM 804. It's now crystal clear that the mandatory exhaustion requirement requires an inmate to present his claims to all three levels of DOC review in order to allow DOC the opportunity to address and respond to the grievance. Allowing an inmate to bypass this requirement would eviscerate the exhaustion requirement and undermine the efficacy of Congress' policy objectives.[2]

In the absence of any controlling authority to the contrary, this Court is required to follow the directives of the Court of

---

2. *Accord* Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002) (upholding dismissal of complaint without leave to amend where the inmate failed to file appeal from grievance within time limit set out in DOC policy); Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003)("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies.").

Appeals for the Third Circuit and grant Hartwiger's Motion Summary Judgment because of Mungro's failure to exhaust the available administrative remedies.

### III. CONCLUSION

It is respectfully recommended that the Motion for Summary Judgment filed by Defendant Hartwiger be granted. It is further recommended that the Plaintiff's Motion for Summary Judgment be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 10, 2006. Responses to objections are due by March 20, 2006.

February 22, 2006                   *Francis X. Caiazza*
                                    FRANCIS X. CAIAZZA
                                    United States Magistrate Judge

cc:  Joy Flowers Conti,
     United States District Court Judge

     Ronald Mungro, EJ-3868
     SCI Houtzdale
     P.O. Box 1000
     Houtzdale, PA 16698-1000

     Christian D. Bareford, Deputy Attorney General
     Office of the Attorney General
     6th Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA 15219

9